IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOHNNY O. OLIVERIO,
    Plaintiff,

v.                                                                             Civil No. 3:23cv328 (DJN)

VIRGINIA COMMONWEALTH
UNIVERSITY, *et al.*,
    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' Notice of Removal from the Circuit Court of the City of Richmond, Virginia, (ECF No. 1.), and Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 3.)[1] Drawing all reasonable inferences in favor of the *pro se* Plaintiff and assuming the truth of the well-pleaded factual allegations in his Amended Complaint, the Court finds that, with regard to Plaintiff's federal causes of action, the Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, the Court will grant Defendants' Motion to Dismiss in part. Insofar as the Amended Complaint asserts a state law cause of action, however, the Court will remand the action to the Circuit Court of the City of Richmond.

---

[1] In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Defendants properly notified Plaintiff of their Motion to Dismiss, as well as Plaintiff's right to file a response and the possibility of dismissal if Plaintiff failed to respond within twenty-one days. Because Plaintiff neglected to respond to Defendants' Motion to Dismiss, this motion is now ripe for decision.

## I. BACKGROUND

*Pro se* Plaintiff Johnny O. Oliverio ("Plaintiff" or "Oliverio") brings this action against Defendants Virginia Commonwealth University ("VCU"), Dr. Michael Rao, President of VCU ("Dr. Rao"), Amy Andres, Director and Associate University Librarian of VCUart Qatar Libraries ("Andres") and Teresa Doherty, VCU Student Success Librarian ("Doherty").[2] (Amend. Compl. (ECF No. 1-3) at 1–2.) Plaintiff's claims arise out of a brief encounter between himself and Defendant Doherty that allegedly took place at VCU Cabell Library on March 30, 2022. (*Id.* at 4.) Defendant alleges that Doherty's actions during this encounter, and the actions of the University and various other employees in response to the encounter, constituted discrimination against him, violated his rights under the Family Educational Rights and Privacy Act ("FERPA") and defied VCU's institutional reporting requirements. (*Id.* at 2–4, 7.)

Plaintiff initially filed his Complaint in the Circuit Court of the City of Richmond. Defendants then timely removed the action to this Court pursuant to 28 U.S.C. § 1441.[3] (ECF No. 1.) The Court exercises jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and § 1367(a).[4]

---

[2] Defendants' Motion to Dismiss notes that the individual Defendants have not been served with either the original Complaint or the Amended Complaint, but VCU files this Motion to Dismiss on their behalf. (Mot. to Dismiss (ECF No. 1-4) at 2.)

[3] Under 28 U.S.C. § 1441, a defendant may remove any civil action brought in state court to federal district court, provided that the federal court holds original jurisdiction over the claims raised in the complaint. 28 U.S.C. § 1441(a). 28 U.S.C § 1331 grants district courts original jurisdiction over all civil actions arising under the laws or Constitution of the United States. 28 U.S.C § 1331.

[4] The Court construes Plaintiff's discrimination and FERPA claims as federal claims subject to this Court's jurisdiction under 28 U.S.C § 1331. As the Court explains in greater detail below, Plaintiff's third claim appears to arise under state law. Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action

2

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the Plaintiff's well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept Plaintiff's legal conclusions. *Id.* With these principals in mind, the Court accepts the following facts.

A.      **Factual Background**

On March 30, 2022, Defendant Doherty, a VCU Librarian, confronted Plaintiff at VCU Cabell Library regarding racially insensitive comments that Defendant allegedly made to an unnamed VCU employee.[5] (Amend. Compl. at 4.) At the time of this confrontation, Plaintiff requested a meeting with the unnamed employee. (*Id.*) Doherty replied that the employee might feel uncomfortable meeting with Plaintiff, but she nonetheless gave her business card to Plaintiff and invited him to email her regarding the requested meeting. (*Id.*)

Shortly after this encounter, Plaintiff instead sent an email to Defendant Andres, a VCU employee based in Doha, Qatar. (*Id.*) In the email, Plaintiff briefly described his encounter with Doherty and asked Andres if "the VCU guidelines permit an Employee to Accuse a Student Alumni Senior Citizen of Raciest [sic] Comments and then Reply that the 3rd person accuser does not have to attend a Meeting because they might be uncomfortable? Are those your

---

within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Because Plaintiff's ostensible state law claim arises from the same occurrence as Plaintiff's federal claims, the Court holds supplemental jurisdiction over this claim.

[5]     Plaintiff asserts that Defendant Doherty accused him of making racist comments, but he pleads no additional facts detailing the substance of Doherty's allegations. (Amend. Compl. at 3–4.)

guidelines?" (*Id.*) Plaintiff further requested that Andres preserve the security camera footage from the library front desk, where the encounter with Doherty took place.[6] (*Id.* at 5.)

On March 1, 2023, Plaintiff contacted VCU requesting records of the March 30, 2022 confrontation at the Cabell Library. (*Id.* at 6.) Michele Howell, a VCU Freedom of Information Act ("FOIA") officer, responded that the requested records did not exist. (*Id.*) Another VCU employee, Laura Gariepy, later confirmed with Plaintiff that no video record of the incident existed, as the University's overwriting system deleted security footage after seven days. (*Id.* at 7.)

### B. Plaintiff's Complaint

On March 28, 2023, Plaintiff filed a Complaint against Defendants in the Circuit Court of the City of Richmond. (ECF No. 1-2.) After receiving leave to amend his Complaint, Plaintiff served VCU with his Amended Complaint on May 5, 2023.[7] Defendants then removed the case to this Court on May 16, 2023. (Mot. to Dismiss at 2; ECF No. 1-4.) Though the Amended Complaint proves difficult to discern, Defendants parse out three claims that Plaintiff appears to assert: (1) generic discrimination; (2) violation of FERPA; and (3) violation of VCU's internal reporting requirements. (Mot. to Dismiss at 2.) The Court finds that Defendants' characterization of the Amended Complaint constitutes the most reasonable construction of Plaintiff's ostensible claims. The Court thus analyzes the Amended Complaint in accordance with this understanding.

---

[6] Plaintiff's Amended Complaint makes no mention of any other interactions he had with Andres, nor does it specify Plaintiff's reasoning for contacting a Qatar-based employee regarding an incident in Richmond, Virginia.

[7] Defendants note in their Motion to Dismiss that the Amended Complaint sets forth the same factual and legal allegations as the original Complaint, but with the addition of handwritten notes and corrections. (Mot. to Dismiss at 2.)

First, Plaintiff appears to claim that Defendant Doherty discriminated against him by confronting him in a public setting about his own allegedly racist remarks. (Amend. Compl. at 8.) Plaintiff does not explain the substance of this confrontation, but claims that it constituted a "racially charged verbal assault," from which he suffered "humiliation, degradation, and discrimination," resulting in mental distress and depression. (*Id.* at 10.) Plaintiff contends that the distress he suffered due to this encounter necessitated medical treatment in the form of antidepressants and threatened his research at Cabell Library, as well as his career as a realtor. (*Id.* at 9–13.) Next, Plaintiff contends that Defendants violated FERPA by failing to preserve video footage of the encounter and provide such footage to Plaintiff at his request. (*Id.* at 8.) Finally, Plaintiff claims that Defendants violated the University's internal reporting requirements by failing to report the encounter with Doherty to VCU's Office of Institutional Equity, Effectiveness and Success, which itself resulted in discrimination toward Plaintiff.[8] (*Id.* at 2–6.)

## II.  STANDARD OF REVIEW

### A.  Rules 8(a)(2), 8(d) and 10(b)(1)

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rules further require that each allegation in a complaint be "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and that a plaintiff state his claims in numbered paragraphs. Fed. R. Civ. P. 10(b). These pleading requirements serve to give the opposing party fair notice of the claims and "the grounds upon which [they] rest." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To

---

[8]  Beyond these claims, Plaintiff's Amended Complaint contains several pages of material unrelated to the March 30, 2022 incident, including photographs and anecdotes about Plaintiff's involvement in the community. These aspects of the Amended Complaint prove irrelevant to Plaintiff's claims, so the Court does not detail them here.

5

determine whether a pleading comports with these requirements, courts consider the "length and complexity of the complaint, whether the complaint was clear enough to enable the defendant to know how to defend himself, and whether the plaintiff was represented by counsel." *North Carolina v. McGuirt*, 114 F. App'x 555, 558 (4th Cir. 2004).

Plaintiff proceeds *pro se*, and the Court thus affords his Amended Complaint a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (citing *Hemphill v. Melton*, 551 F.2d 589, 590–91 (4th Cir. 1977)). However, a Plaintiff's *pro se* status does not excuse a clear failure to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990) (affirming dismissal of certain claims brought by *pro se* plaintiff despite liberal construction). As the Fourth Circuit has explained, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

### B. Rule 12(b)(6)

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim, with the assumption that the plaintiff's well-pleaded allegations are true. *Twombly*, 550 U.S. at 555. When considering a 12(b)(6) motion to dismiss, the Court views the facts in a light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

When considering a 12(b)(6) motion, the Court must examine a complaint to determine whether a plaintiff has alleged sufficient facts to make a particular cause of action "plausible," rather than merely "conceivable." *Twombly*, 550 U.S. at 570. As the Supreme Court explained in *Iqbal*, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. While a complaint "does not need detailed factual allegations," it must state "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Thus, to survive a 12(b)(6) motion, a complaint must assert facts that are more than "merely consistent with" the other party's liability. *Id.* at 557. The facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.2d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002)).

### III. <u>ANALYSIS</u>

Defendants' Motion to Dismiss first calls for dismissal of Plaintiff's Amended Complaint pursuant to Rules 8(a)(2), 8(d)(1) and 10(b). Defendants contend that Plaintiff's Complaint constitutes "shotgun pleading," which occurs when a complaint "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading." *SunTrust Mortg., Inc. v. First Residential Mortg. Serv. Corp.*, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012) (quoting *JPMorgan Chase Bank, N.A. v. Hayhurst Mortg., Inc.*, 2010 WL 2949573, at *2 (S.D. Fla. July 26, 2010)). As Defendants appropriately put it, the Amended Complaint constitutes a "rambling collection of allegations against VCU and various employees" that fails to specify why Plaintiff believes each Defendant is liable to him, leaving Defendants in the difficult position of determining the exact basis for Plaintiff's claims. (Mot. to Dismiss at 9.) The Court agrees that Rule 8 prohibits pleadings of this nature, and the Court could dismiss Plaintiff's

7

Amended Complaint on this basis alone. *See Robinson v. Moynihan*, 2021 WL 2346107, at *3 (E.D. Va. June 8, 2021) (commenting that the Court could dismiss Plaintiff's shotgun complaint solely due to its Rule 8 violations). Nevertheless, this Court adheres to the general principle expressed in the Federal Rules, as elsewhere, that courts should resolve disputes on the merits when possible. *See Laber*, 438 F.3d at 426 (noting that federal policy favors decisions on the merits as opposed to pleading technicalities). Thus, the Court takes up Plaintiff's arguments under the 12(b)(6) standard below, ultimately determining that Plaintiff fails to state a claim upon which relief could be granted with respect to his discrimination and FERPA claims. Because the Court dismisses Plaintiff's discrimination and FERPA claims, the Court further determines that retaining jurisdiction over Plaintiff's ostensible state law cause of action proves inappropriate. The Court therefore remands Plaintiff's third claim to the Circuit Court of the City of Richmond.

### A. Discrimination Claim

Plaintiff alleges that Defendant Doherty discriminated against him during their encounter at Cabell Library on March 30, 2022. (Amend. Compl. at   Because Plaintiff does not allege any specific facts that give rise to a discernable cause of action, the Court will dismiss this amorphous claim of discrimination.

Plaintiff fails to state a discrimination claim for several reasons. First, he does not identify any legal theory that entitles him to relief. Plaintiff's failure to identify any statutory violation, Constitutional violation or breach of duty leaves the Court in the position of guessing his specific cause of action. Though sensitive to Plaintiff's *pro se* status, the Court "cannot be expected to construct full blown claims" from Plaintiff's many obscure and digressive

statements. *Beaudett*, 775 F.2d at 1278. The only statutory cause of action that Plaintiff raises is FERPA, which, as discussed below, provides no private right of action.

Second, the Amended Complaint, though lengthy, never details the content of the communication between Doherty and Plaintiff. Given that Plaintiff's claim rests on the supposedly discriminatory nature of this conversation, specific factual allegations prove necessary to shift any claim from conceivable to plausible. Moreover, the limited facts that Plaintiff does include about this confrontation do not indicate any discriminatory action taken by Doherty. Rather, the Amended Complaint suggests that Doherty confronted Plaintiff about his own allegedly racist comments to a third party. Plaintiff's contention that the encounter with Doherty was humiliating amounts to a mere personal grievance as opposed to a legal harm that entitles him to relief.

Finally, even affording Plaintiff the generous assumption that he intended to state a claim under an anti-discrimination statute such as Title VI of the Civil Rights Act, which prohibits entities that receive federal funds from discriminating on the basis of race, his limited factual allegations prove insufficient to establish the elements of any proper discrimination claim. *See Guardians Assn. v. Civil Serv. Comm'n*, 463 U.S. 582, 584 (1983) (holding that private individuals must demonstrate intentional discrimination to recover compensatory damages under Title VI). Plaintiff does not, for example, allege any facts demonstrating that VCU denied him use of the University's facilities. Further, as Defendants note in their Motion to Dismiss, Plaintiff fails to "identify any protected class of which he is a member or allege that discrimination against him was due to his status as a member of this protected class." (Mot. to Dismiss at 12.) Without these basic factual allegations, Plaintiff's discrimination claim amounts

9

to a mere legal conclusion to which the Court does not owe an assumption of truth. For these reasons, the Court will dismiss Plaintiff's generic discrimination claim.

### B. FERPA claim

Plaintiff claims that Defendants violated FERPA by deleting library security camera footage after seven days in accordance with the school's overwriting policy. (Amend. Compl. at 7.) Because the Supreme Court has established that FERPA does not provide a private right of action, *Gonzaga Univ. v. Doe*, 536 U.S. 273, 276 (2002), the Court will dismiss this claim without further comment.

### C. Violation of Internal Reporting Requirements Claim

Finally, Plaintiff contends that various VCU employees violated the University's internal discrimination reporting requirements by failing to notify VCU's Office of Institutional Equity, Effectiveness and Success of Plaintiff's encounter with Doherty. (Amend. Compl. at 4.) Though Plaintiff again neglects to specify a cause of action, his claim centers on Defendants' alleged failure to abide by a state university's guidelines, and therefore presumably rests on Virginia state law. Thus, insofar as Plaintiff has stated a cause of action, the Court treats it as arising under state law. Because the Court dismisses Plaintiff's federal causes of action, the Court remands this apparent state law claim to the Circuit Court of the City of Richmond.

28 U.S.C. § 1367 grants district courts discretion to decline to exercise supplemental jurisdiction over a claim if the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Thus, courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Inherent in this power to decline supplemental jurisdiction exists the authority to remand claims to state court upon a

determination that retaining jurisdiction would be inappropriate. *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 616–17 (4th Cir. 2001). The Supreme Court has recognized that, when a district court dismisses all federal claims before trial, "a remand [of the remaining claims] may best promote the values of [judicial] economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988).

Given these principles, and having dismissed Plaintiff's discrimination and FERPA claims, the Court finds that retaining supplemental jurisdiction over Plaintiff's remaining state law claim would be inappropriate. Plaintiff's claim that Defendants violated VCU's internal reporting requirements takes issue with the conduct of state employees carrying out their duties within a public state university. Even if these employees' alleged omissions give rise to a private right of action — a proposition that Plaintiff's complaint wholly fails to support — it appears likely that such a cause of action would arise under state, as opposed to federal, law. Thus, in light of Plaintiff's failure to specify a federal cause of action, the Court finds that the state courts remain better equipped to resolve this claim. Further, the values of judicial economy and convenience weigh in favor of remanding the remaining claim to state court, as "any time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money." *Id.* Therefore, to the extent that Plaintiff asserts a state law cause of action in his Amended Complaint, the Court remands this action to the Circuit Court of the City of Richmond.

## IV. CONCLUSION

For the reasons set forth above, the Court will GRANT IN PART Defendants' Motion to Dismiss to the extent that Defendants seek dismissal of Plaintiff's discrimination and FERPA claims. (ECF No. 3.) With respect to Plaintiff's claim that VCU violated its internal reporting

duties, the Court will REMAND this action to the Circuit Court of the City of Richmond, Virginia.

An appropriate order will issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record and Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: June 21, 2023